*229 OWEN, Circuit Judge,
dissenting:
I concur in the majority’s opinion to the extent it affirms the district court’s grant of summary judgment. But I respectfully dissent from the determination that Gulf Copper is entitled to attorneys’ fees.
The majority holds that TODCO (as indemnitor) must assume the defense of Gulf Copper (as indemnitee), even though TOD-CO brought the claim against Gulf Copper. The language of the contract, however, does not support such an interpretation. The relevant contractual provision, 5.2(e), states:
Should any claim for loss, damage or expense be raised against any indemnitee under any provision of this Agreement, the indemnitor shall be promptly informed of same by the party against whom the claim is being made. No claim shall be settled without the written approval of the indemnitor. The indemnitor shall assume the defense of such claim.
It is clear that this provision applies only to claims brought by a third party against an indemnitee. To hold that it also applies to an indemnitor’s claim against an indemnitee would render parts of the provision superfluous, contravening an established rule of contract interpretation.[1] For instance, in a situation involving an indemnitor’s claim against an indemnitee, there would be no need to inform the indemnitor promptly of the claim or to obtain the written approval of the indemnitor to settle. Moreover, applying the provision in this manner would lead to the absurd result that the indemnitor must defend against the very claim it is making against the indemnitee.
The majority asserts that the parties agreed in this litigation that 5.2(e) would apply to claims between the contracting parties, TODCO and Gulf Copper. However, the parties agreed only that another provision of their agreement, 5.2(b), governs who is to bear the risk of loss at issue in this suit, namely, the damage to TOD-CO’s vessel caused by a fire that occurred when that vessel was docked at Gulf Copper’s yard. Paragraph 5.2(b) explicitly states that “Owner [TODCO] shall indemnify Contractor [Gulf Copper] ... from and against any and all losses attributable to or on account of, or loss of use of, or damage to property of Owner [TODCO] ... (unless such property is under the control of Contractor [Gulf Copper] at the time at which such loss or damage occurs) .... ” In contrast, 5.2(e) does not state that it applies to a claim a contracting party may have against the other, and as noted supra, its context shows that it should not be applied in this manner.
Accordingly, I would hold that 5.2(e) does not apply to a suit between the indemnitor and the indemnitee and thus that TODCO is not required to pay Gulf Copper’s attorneys’ fees.

. See Millennium Petrochemicals, Inc. v. Brown & Root Holdings, Inc., 390 F.3d 336, 342 (5th Cir.2004) (applying Texas law and explaining that "when ascertaining the intent of parties from written expressions, a court should read all parts of a contract together, ensuring that each provision of such contract are given effect and none are rendered meaningless.”).